**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN HARRIS,** | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | 3:06-CV-0176-R |
| | § | ECF |
| **FREEDOM OF INFORMATION UNIT** | § | |
| **Drug Enforcement Administration,** | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff John Harris ("Plaintiff") filed a petition for writ of mandamus requesting that the Court require the Freedom of Information Unit of the Drug Enforcement Administration to provide information to him pursuant to a Freedom of Information Act ("FOIA") request he made September 28, 1999. The following motions are pending before the United States Magistrate Judge pursuant to an order of referral from the District Court:

1. Defendant's Objections to Summary Judgment Exhibits and Motion to Strike Plaintiff's Affidavits and Supplemental Documents, filed July 26, 2006;

2. Defendant's Motion for Summary Judgment, filed May 30, 2006; and

3. Plaintiff's Motion for Summary Judgment, filed April 13, 2006.

**Defendant's Objections to Summary Judgment Exhibits ("Exh.") and
Motion to Strike Plaintiff's Affidavits and Supplemental Documents**

Defendant objects to the evidence Plaintiff submitted in support of his motion for summary judgments because it is neither properly authenticated nor admissible. (Def.'s Resp., filed May 15, 2006.) Defendant requests that the court strike the following summary judgment proof: Exh. "A" (September 26, 1999-unsigned letter purportedly authored by James Harris); Exh. "B" (unauthenticated receipt for certified mail); Exh. "C" (unauthenticated mail

documents) and Exh. "D" (October 22, 1999 letter purportedly authored by Clarence W. Cash, Jr.). These documents are not properly authenticated and constitute hearsay. The Court finds that Defendant's objections should be sustained and that these exhibits should be stricken.

The Court will now consider "Defendant's Motion to Strike Plaintiff's Affidavits and Supplemental Documents," filed July 26, 2006. Plaintiff filed a response to the motion on August 29, 2006. In the response, Plaintiff withdrew his second affidavit in support of summary judgment. (Pl.'s Resp., 2.) Accordingly, Plaintiff's second affidavit will not be considered for any reason.

Defendant contends that the "Affidavit of Plaintiff John Harris in support of Motion for Summary Judgment," filed June 30, 2006, should be stricken. Defendant contends that Plaintiff's affidavit is inadmissible hearsay, that the affidavit contains inadmissible hearsay as defined by Federal Rule of Evidence 801, and that it is offered for the truth of the matters asserted. Defendant argues that the affidavit is not relevant evidence as defined by Federal Rule of Evidence 401 and thus, is inadmissible in accordance with Federal Rule of Evidence 402. Plaintiff responds that the affidavit refers to actions he filed in the United States District Court for the Eastern District of Arkansas in Little Rock, Arkansas, regarding grand jury records. The Court finds that the Affidavit of Plaintiff John Harris should be stricken in its entirety because it is not relevant and contains inadmissible hearsay. The affidavit is not competent summary judgment evidence in this proceeding.

Defendant also requests the Court to strike the supplements to the record which Plaintiff filed on June 30, 2006, namely supplements to the record (A), (B), (C), and (D). Plaintiff claims that he offers these documents, not as proof that he filed an FOIA request in this case, but

because he "simply wanted the Court to know that he had not yet received a positive or negative response to his request for grand jury records from the District Court in Arkansas which was filed in the U.S. Eastern District Court in Arkansas in May of 2006." (Resp., 2.) These unauthenticated documents allegedly from an unrelated case in another jurisdiction are not relevant and are inadmissible in accordance with Federal Rule of Evidence 402. Moreover, the documents are hearsay and contain inadmissible hearsay in accordance with Federal Rule of Evidence 802. Accordingly, Defendant's Motion to Strike Plaintiff's Affidavits and Supplemental Documents, filed July 26, 2006, should be granted.

## Defendant's Motion for Summary Judgment

## Standard of Review

**A.      Standard for Summary Judgment**

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.,* 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little,* 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgement is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett,*

3

477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ... by 'conclusory allegations,' ... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000); *Anderson,* 477 U.S. at 248. The Court has no duty to search the record for triable issues. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

**B.     Statement of Facts**

Taking the facts in the light most favorable to Plaintiff, the facts are as follows:

1. Plaintiff sent by certified mail a letter (FOIA request) to Freedom of Information Operations Unit ("SARO"), Drug Enforcement Administration ("DEA"), 700 Army Navy Drive, Arlington, VA 22202, on September 28, 1999. Plaintiff received a receipt for certified mail dated October 1, 1999, signed by someone named "Horton," who remains unidentified. (First Amended Petition ("Pet."), ¶ 9.)

2. Plaintiff did not receive a response to his FOIA letter request. (Pet., ¶ 11.)

3. In October, 1999, Plaintiff's attorney wrote a letter inquiring about Plaintiff's FOIA request, but his attorney did not receive a response to his letter. (Pet., ¶ 11.)

4. Plaintiff did nothing more to follow up on his request until he filed this action. (Plaintiff's Brief in Support of Response ("Resp."), 2.)

5. Leila I. Wassom ("Wassom"), a DEA Paralegal Specialist, currently assigned to

      the Office of Chief Counsel, Administrative Law Section ("CCA"), DEA Headquarters, Washington, D.C., was assigned to the Freedom of Information and Records Management Section, DEA Headquarters from August 1991 to June 2005.  (Wassom Declaration ("Decl").

5.    Wassom searched the records maintained by SARO and determined that SARO has no record of receipt of a letter (FOIA request) from Plaintiff dated September 26, 1999.

6.    SARO uses a computer based system to track Freedom of Information/Privacy Act ("FOI/PA") requests received by DEA.  DEA enters into the FOIA database for each request received the name of requester, the assigned request number, the requester's date of birth and the requester's Social Security Number.  Each request received is entered into the system once it is reviewed.  Information about a request, including the DEA FOIA case number is retrieved by entering the name of the requester.  The result will be a positive or negative response from the system.  (Decl.)

7.    When the response is positive, the system will list all DEA FOIA case numbers that relate to the requester in the "Matching Cases" box.  If the case has been appealed to the Department of Justice, Office of Information and Privacy, an "X" will appear by the "Appeal Opened" date box.  (Decl.)

8.    Wassom conducted a search of the EFOIA database by entering Plaintiff's first and last name, using the names "John Harris" and "Johnny Harris" in the designated name field.  (Decl.)

9.    Wassom received a negative response.  No matching DEA FOIA cases numbers or matching requester names were displayed.  (Decl., (Printouts of the search are attached to the Decl. as Exh. "A."))

**C**.  **Conclusions of Law**

      The FOIA, 5 U.S.C. § 552, generally provides that any person has a right, enforceable in court, of access to federal agency records, except to the extent that such records, or portions thereof, are protected from disclosure.  The merits of the request are not dependent upon the purpose for which the records are sought.  *Reporters Committee for Freedom of the Press v. Dep't of Justice,* 489 U.S. 749, 771 (1989).  The requester does not have to justify his or her

request. *See North v. Walsh,* 881 F.2d 1088, 1096 (D.C. Cir. 1989). Congress enacted the FOIA to facilitate public access to Government documents. *Dep't of State v. Ray,* 502 U.S. 164, 173, (1991). Nevertheless, FOIA requests must reasonably describe the records sought. *See* 5 U.S.C. § 552(a)(3)(A). Further, the requests must be made in accordance with the agency's regulations. *See* 5 U.S.C. § 552(a)(3)(B).

      1.      **<u>Exhaustion of Administrative Remedies</u>**

The Act's provisions "do not expressly require that a claimant exhaust his administrative remedies prior to requesting judicial relief; however, they clearly imply that exhaustion is required." *Hedley v. United States,* 594 F.2d 1043, 1044 (5th Cir.1979). In such a case, the jurisprudential doctrine of exhaustion controls. *See McKart v. United States,* 395 U.S. 185, 193-94 (1969) (discussing "judicial application of the exhaustion doctrine in cases where the statutory requirement of exclusivity [of an agency's jurisdiction] is not so explicit"). The jurisprudential exhaustion doctrine is a "long settled rule of judicial administration [which mandates] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50-51 (1938). The doctrine (1) avoids premature interruption of the administrative process; (2) lets agencies develop the necessary factual background upon which decisions should be based; (3) permits an agency to exercise its discretion or apply its expertise; (4) improves the efficiency of the administrative process; (5) conserves scarce judicial resources; (6) gives the agency a chance to discover and correct its own errors; and (7) may avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *Patsy v. Florida Int'l Univ.,* 634

F.2d 900, 903 (5th Cir. Jan. 1981) (en banc) (quoting *McKart,* 395 U.S. at 193-95), *rev'd and remanded on other grounds sub nom., Patsy v. Board of Regents,* 457 U.S. 496 (1982).

A court should only excuse a claimant's failure to exhaust administrative remedies in extraordinary circumstances. *See Central States S.E. & S.W. Areas Pension Fund v. T.I.M.E.-DC, Inc.,* 826 F.2d 320, 329 (5th Cir. 1987). Traditional circumstances in which courts have excused a claimant's failure to exhaust administrative remedies include situations in which (1) the unexhausted administrative remedy would be plainly inadequate, (2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy, (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (e.g., the claimant contends that the administrative process itself is unlawful), and (4) exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim. *See Patsy,* 634 F.2d at 903-04. None of the traditional exceptions to the general rule requiring exhaustion of administrative remedies applies in this case. Therefore, the Court should decline to exercise its discretion to excuse Plaintiff's failure to exhaust administrative remedies.

Failure to file a "proper" FOIA request according to agency regulations, including failure to include, among other things, proof of the requester's identity and a firm commitment to pay search and copy costs, may also result in a determination that the petitioner failed to exhaust his administrative remedies. *Taylor v. U. S. Treasury Dept.*, 127 F.3d 470, 474-75 (5th Cir. 1997). Moreover, submission of a properly framed request is a necessary element of a requester's claim for judicial relief under the FOIA. *Id.*

A defendant in an FOIA suit is entitled to summary judgment if it establishes that it has

7

fully discharged its obligations under the Act. *Pollack v. U. S. Bureau of Prisons,* 879 F.2d 406, 409 (8th Cir. 1989) (citing, *Miller v. U. S. Dep't of State,* 779 F.2d 1378, 1382 (8th Cir. 1985). "Summary judgment is commonly used to adjudicate FOIA cases." *See e.g., Miller,* 779 F.2d at 1382. The underlying facts, and the inferences to be drawn from them, are to be construed in the light most favorable to the FOIA requester. *Pollack,* 879 F.2d at 409. As long as there are no material facts at issue and no facts "susceptible to divergent inferences bearing upon an issue critical to disposition of the case," summary judgment is appropriate. *Alyeska Pipeline Serv. Co. v. U. S. EPA,* 856 F.2d 309, 314 (D.C. Cir. 1988). A properly supported motion for summary judgment is not defeated simply by a "bare opinion or an unaided claim that a factual controversy persists." *Id*.

A preliminary issue before the Court is whether Defendant conducted a search reasonably calculated to uncover any properly submitted FOIA requests by Plaintiff. "An agency may prove the reasonableness of its search through affidavits from responsible agency officials, as long as such affidavits are relatively detailed, nonconclusory, and submitted in good faith." *Pollack,* 879 F.2d at 409. Wassom's affidavit in this case is thorough and comprehensive. Plaintiff has not given this Court any reason to doubt the veracity of Wassom's declarations.

Ordinarily, the agency has the burden to prove the non-existence of the records sought. However, in this case, Plaintiff has failed to prove the existence of a properly framed request. His letter broadly requested "files" without any proof of his identification or a promise to pay the search costs. The certified mail receipt, signed by an unidentified person named "Horton" does not create a genuine issue of material fact concerning whether Defendant received a properly framed request from Plaintiff. Nor do the facts that (1) Plaintiff's counsel made inquiries and (2)

8

Plaintiff's counsel wrote the agency about Plaintiff's letter request create genuine issues of material fact. Wassom's thorough and complete search of agency records revealed that no proper FOIA request by either John Harris or Johnny Harris was ever logged into the system.

When Plaintiff received no response to his initial inquiry and no response to his attorney's inquiries, he failed to lodge an appeal. In fact, he did nothing until he filed this suit. To sustain a claim for judicial remedy in his request under the FOIA, a plaintiff must prove that he properly and timely presented his FOIA request to the agency and that he exhausted his administrative remedies prior to seeking judicial review. 5 U.S.C.A. §552; *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993).

Plaintiff does not allege that he exhausted his administrative remedies and the record contains no evidence to support even an attempt by Plaintiff to exhaust his administrative remedies. Nevertheless, Plaintiff contends that the agency's failure to respond to his FOIA request should be considered a constructive exhaustion of administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C). If an agency has not complied within the statutory time limits of an FOIA request, the requester shall be deemed to have exhausted his administrative remedies and may bring suit. *See* 5 U.S.C. § 552(a)(6)(C). However, in an action based on § 552(a)(6)(C), the issue is not whether the requestor should have ultimate access to the records he sought. *Voinche,* 999 F.2d at 963. *See Open America v. Watergate Special Prosecution Force,* 547 F.2d 605, 607 (D.C. Cir. 1976). Rather, the issue is under what time constraints a court should compel administrative agencies to act at the behest of a requester. *Id.* at 607-08. Although Plaintiff exhausted his administrative remedies pursuant to § 552(a)(6)(C) in order to challenge the tardiness of Defendant's response, he has not exhausted his administrative remedies for purposes

of challenging the adequacy of Defendant's response.

Defendant has no record that Plaintiff ever filed a proper FOIA request with the DEA. Plaintiff did not follow the agency's published regulations governing FOIA requests, as required by statute. *See* 5 U.S.C. § 552(a)(3). Where a requester fails "to follow the procedures set forth in the agency regulations, he has failed to make a proper request under the FOIA and therefore has failed to exhaust his administrative remedies." *Kessler v. United States*, 899 F. Supp. 644, 645 (D.D.C. 1995). Defendant is entitled to judgment as a matter of law based upon Plaintiff's failure to exhaust his administrative remedies for purposes of challenging Defendant's failure to respond.

2. **Six-Year Statute of Limitations**

The terms of 28 U.S.C. § 2401 provide:

**Time for commencing action against United States**

**(a)** Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

Assuming an agency received a request and failed to respond, a dissatisfied requester has six years to bring his or her FOIA suit in a District Court. *See Spannus v. U.S. Dept. of Justice*, 824 F.2d 52, 55-56 (D.C. Cir. 1987). Plaintiff alleges that he filed a FOIA request on September 28, 1999 and did not receive a response to the request within twenty working days. Plaintiff did not appeal. Plaintiff alleges that his counsel followed up on several occasions, including a letter written October 22, 1999. Thus, at the latest time, Plaintiff knew twenty days after October 22, 1999, or on November 11, 1999 that the request had gone unanswered. Plaintiff filed suit on January 27, 2006. This date is outside the six-year limitation period. Plaintiff's claim for a

judicial remedy under the FOIA is barred by the statute of limitations. 5 U.S.C. § 552. The record contains no evidence that Plaintiff timely filed this suit.

Plaintiff alleges that he is entitled to equitable tolling of the limitation period because the DEA's "acts of threats, intimidation and interference with [his] lawful business activities began in 1999 and continued through the present. (Pet. ¶ 11-12.) He claims the acts "served to discourage [him] from pursuing FOIA request to which [he] is entitled for fear of retribution." (*Id*.)

The six-year statute of limitations set forth in § 2401(a) is more than an ordinary statute of limitations; it is a condition on the waiver of sovereign immunity, and Courts are obliged to construe such waivers strictly.  Moreover, Plaintiff's allegations of harassment are not grounds for equitable tolling. The record contains no evidence of a connection between the agents in the field who allegedly "harassed" Plaintiff and the employees who routinely answer FOIA requests. Additionally, the record contains no support for Plaintiff's conclusory assumption that a FOIA request would cause problems for Plaintiff and his company. As a matter of law, Plaintiff is not entitled to equitable tolling of the statue of limitations. Defendant is entitled to summary judgment because Plaintiff's suit is barred by the six-year statute of limitations. Plaintiff could have filed and still may file a FOIA request that complies with agency regulations.

**D.** **Recommendation**

This Court recommends that the District Court sustain Defendant's Objections to Summary Judgment Exhibits and grant Defendant's Motion to Strike Plaintiff's Affidavits and Supplemental Documents, filed July 26, 2006. The Court further recommends that the District Court grant Defendant's Motion for Summary Judgment, filed May 30, 2006 and that the Court

deny Plaintiff's Motion for Summary Judgment, filed April 13, 2006.

    Signed, October 3, 2006.

                                                               _____
                                                               PAUL D. STICKNEY
                                                                UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**

**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).